The two plaintiffs, Mrs. Ruth G. Reynolds and Mrs. Ellen Harriett Appel, entered into a contract with defendants to operate certain tourist courts near Lake Charles owned by the defendants during the year 1942 and up to the latter part of August, 1943, or about twenty months. There is practically no disagreement as to the terms and conditions of the contract. Plaintiffs were to receive $10 per week each, plus board and lodging, and in addition each was to receive 10 per cent of the net profits from the operations. Plaintiffs were to keep an account of their receipts and deposit all monies in the bank daily. The defendant, Horsting, who operated under the name of the Gable Management Company (which company seems to be incorporated in this State under the name of Gable Management Corporation), managed and controlled the entire business.
While there were some exceptions filed at the beginning of the suit of misjoinder of parties defendant on the ground that Horsting was sought to be held in his individual capacity as owner and manager of the Gable Lodges, it seems that defendants have abandoned the exceptions as no reference is made to them on the appeal.
The plaintiffs allege in their joint petition that the defendant Horsting, operator and owner, as they are informed and believe, *Page 711 
of Gable Management Corporation, is indebted unto them jointly in the sum of $1,312.60 as the balance due on wages and commissions, and they ask for an accounting on the part of the defendant, and for judgment for said amount. A joint answer was filed by Horsting and the Gable Management Corporation, "sought to be made defendants herein" in which the defendants admit entering into the contracts with plaintiffs for the management of the Gable Lodges, but they allege that the plaintiffs grossly mismanaged the business and violated their contract in several respects as set out in the answer, the most important of which were that they failed to give defendants a complete accounting of all monies received; failed to deposit the receipts in bank as agreed; failed to take care of the property, and failed to deposit and keep account of monies advanced by Horsting to help operate the business. Defendants deny that they owe plaintiffs any balance on wages or commissions, alleging that there were no profits, but that the business was operated at a loss. They set up a reconventional demand against plaintiffs for $5,073.45, amounts which they allege were sent plaintiffs to operate the business and for which no accounting was made and for certain property sold by them and no accounting given, together with other smaller items listed in their answer.
The trial judge rendered judgment in favor of plaintiffs against Horsting and the Gable Management Corporation, in solido, for the amount claimed with recognition of a lien and privilege on the movable property in the Gable Lodges, and dismissed the reconventional demand of defendants. The latter have appealed from this judgment.
There is a large number of books, statements and other documents in the record, but these are in such condition that it is impossible for us to determine whether or not there were any profits resulting from the operation of these tourist courts by the plaintiffs. The plaintiffs were to deposit the receipts in the bank and keep Horsting advised of the receipts and expenditures connected with the operations, and the latter was to furnish plaintiffs monthly reports of the business. It seems to us that neither plaintiffs nor defendants adhered very strictly to this agreement. The plaintiffs were derelict in keeping Horsting informed on many items about which he frequently wrote them, and Horsting was careless and negligent in furnishing plaintiffs the monthly statement as he had agreed to do.
The learned trial judge found in his reasons for judgment that the books and records were in such shape that it could not be determined from them the amount of profits, but he based his judgment on the testimony of the two plaintiffs as to their estimate of the profits. We have carefully considered the testimony of both plaintiffs on this point, and we can find nothing in the testimony of either by which it can be determined with any degree of certainty whether or not there were any profits. For instance, Mrs. Reynolds on being asked how she figured the commissions, stated that she estimated the receipts at a certain amount per month and the overhead was figured at $800. Yet there is nothing in the record to show that the overhead expenses were not over $800 per month, nor is there anything in the record by which the receipts can be ascertained with any degree of certainty.
Industrious counsel for plaintiffs has undertaken to give from the books produced on the trial a tabulation by months of the receipts and expenses of the business. We confess an inability to determine from these figures whether or not there were any profits. On the contrary, these tabulations rather indicate a loss in the operation of the business. For instance, in the statement for April, 1942, there is shown in the receipts for that month an advance by Horsting of $600 while the receipts from the Lodges is given at $390.61, plus certain other small items aggregating less than $100. In the disbursements for that month there is included a total of $586.91 as capital investment which of course is not to be charged to operating expenses. But the amount advanced by Horsting exceeded the capital investment. Likewise, in June of the same year it appears that Horsting advanced more than was spent for capital investments. We find the same situation running through the figures for several of the other months. Obviously, the amounts advanced by Horsting should not be, considered in arriving at the monthly receipts of the operations. It seems to us that it would have been a rather simple matter for these plaintiffs to have kept an account of the total receipts from the operation of the Lodges, together with the cost of these operations, leaving out the money advanced *Page 712 
by Horsting and the amounts spent in permanent improvements designated as capital investment.
In view of the fact that plaintiffs may be able to show with greater legal certainty whether or not there were any profits, and if so, the amount of same, we have decided to enter a non suit on this part of their claim. Nor can we require the defendants to furnish a more specific accounting of the profits and losses as the information in their possession does not appear to be sufficient for anything like an accurate accounting to be made.
However, we are of the opinion that plaintiffs have shown with reasonable certainty that they are due the amounts claimed for wages and money advanced to Horsting. There is in the record a signed statement by Mrs. Reynolds dated May 29, 1943, in which she states the amount due here is $148.30, and a letter from her to Horsting about the same time in which she asked Horsting "to mail us our checks for $148.30 and $38.30 and for the last five days we worked here." It is significant that she does not mention anything in this letter about any commissions due them although the letter came near the end of their employment. There is also a signed statement in the record in which Mrs. Appel states, "indebtedness to above date (May 29, 1943) $38.50". There is also a memorandum in the record made by Mrs. Appel in which she shows how the balance of $38.30 is figured, and there is another memorandum in the record made by Mrs. Reynolds showing how she arrived at the balance due her of $148.30, in neither of which memoranda is any reference made to any commissions claimed to be due them.
The secretary of the defendant concern testified that she had charge of the payroll of the Gable Lodges during all the time that plaintiffs operated them, except from February 13, 1943 to June 5th of that year, and all wages due plaintiffs were paid while she had charge of the payrolls; that plaintiffs issued their own pay checks during the above excepted period. It will be noted that the amounts claimed by plaintiffs as due them the latter part of May, 1943, was during the period that the secretary did not have charge of the payrolls. We are satisfied that when plaintiffs made demand for the payment of the amounts mentioned in their letter and statements, these amounts were then due them, and there is no evidence to show that they have since been paid.
The defendants have failed to prove their reconventional demand, and we are of the opinion that the trial judge was correct in rejecting this demand.
For the reasons assigned, it is ordered that the judgment appealed from be amended by rejecting the demands of the plaintiffs for commissions as in case of non suit; that Mrs. Ruth G. Reynolds have judgment against the defendants for the sum of $148.30 and Mrs. Ellen Harriett Appel have judgment against said defendants in the sum of $38.30, with legal interest on the said amounts from judicial demand until paid, and as thus amended the judgment is affirmed. The defendants to pay all cost of the suit. *Page 743